# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **COMPASS BANK, successor in interest to Texas State Bank,** | § § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | CASE NO. 6:09 CV 20 |
| **P.R. INVESTMENTS, LLP, RON ROCK, and BOBBY DEAN PRICE** | § § § § | |
| **Defendants.** | § § | |

## MEMORANDUM OPINION AND ORDER

Defendants P.R. Investments, LLP ("PRI"), Ron Rock, and Bobby Dean Price's motion to transfer this case under 28 U.S.C. § 1404(a) to the Southern District of Texas, McAllen Division (Docket No. 10) is before the Court. After considering the parties' written submissions, the Court **DENIES** the motion.

## BACKGROUND

This is a breach of contract case. On December 15, 2006, PRI executed a promissory note to Texas State Bank in the principal amount of $520,000.00. The note is secured by property located in Van Zandt County, Texas.[1] Also on December 15, 2006, Rock and Price entered into separate guaranty agreements with Texas State Bank, guaranteeing the prompt and full payment of PRI's promissory note. Defendants allegedly entered into the promissory note and guaranty agreements to acquire the property securing the note and to operate a business on the property. Defendants have

---

[1] Van Zandt County is located within the Eastern District of Texas, Tyler Division.

1

defaulted on the note and guaranty agreements.

Compass Bank merged with Texas State Bank and is a successor in interest to the promissory note and guaranty agreements. Compass brings this suit to enforce the promissory note and guaranty agreements. Compass has reserved its right to foreclose on the Van Zandt County property securing the note.

Compass is an Alabama corporation with its principal place of business in Alabama. PRI's business address is in McAllen, Texas. Rock resides in McAllen, Texas. Defendants have not acknowledged where Price lives, though they have conceded he does not reside in the Southern District of Texas. Compass contends Price works, and presumably resides, in the Eastern District.

The parties do not dispute that this case could have been brought in the Southern District of Texas.

## APPLICABLE LAW

Defendants argue that they are entitled to transfer under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As always, a district court has broad discretion in deciding whether to order a transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*In re Volkswagen II*"). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"); *see In re Volkswagen II*, 545 F.3d at 312.

Once that threshold inquiry is met, courts analyze both public and private factors relating to

the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Volkswagen II*, 545 F.3d at 315. The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Volkswagen II*, 545 F.3d at 315. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Volkswagen II*, 545 F.3d at 315.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen II*, 545 F.3d at 314-15. Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id.* at 314-15.

**ANALYSIS**

*The Relative Ease of Access to Sources of Proof*

Despite technological advances that certainly lighten the relative inconvenience of transporting large amounts of documents across the country, this factor is still a part of the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316. Therefore, courts have analyzed this factor in light of the fiction that voluminous documents must be transported from their physical location (supposing

that electronically stored documents are, in fact, physical) to the trial venue. *See In re Volkswagen II*, 545 F.3d at 316. Thus, almost invariably, this factor will turn upon which party will most probably have the greater volume of documents relevant to the litigation and their presumed physical location in relation to the transferee and transferor venues. *See, e.g.*, *In re Volkswagen II*, 545 F.3d at 314-15; *Jackson v. Intel Corp.*, 2:08-cv-154, 2009 WL 749305 at *2 (E.D. Tex. March 19, 2009) (Ward, J.) (analyzing the volume and location of parties documentary evidence); *Robles v. USA Truck, Inc.*, L-08-122, 2009 WL 677835 at *5 (S.D. Tex. Mar 12, 2009) (same).

Defendants summarily assert that "all relevant books and records of both Plaintiff and Defendants are located in the McAllen Division." Motion (Docket No. 10) at 6. Compass attacks this assertion, but does not claim it has proof that is not located in the McAllen Division. Texas State Bank, Compass's predecessor, originally entered into the agreements at issue in the McAllen Division. Compass argues that this is a simple case that could be tried with three documents (the agreements at issue) and three witnesses (the Defendants), and any other relevant documentary evidence already exists in or could easily be reduced to electronic form.

Given the nature of this case, the Court does not anticipate that voluminous records or documents will be necessary for trial. However, the documents that will be necessary at trial are most likely located in the McAllen Division. Accordingly, this factor slightly weighs in favor of transfer.

***The Availability of Compulsory Process to Secure the Attendance of Witnesses***

This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. *See In re Volkswagen II*, 545 F.3d at 316. The factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power."

*In re Volkswagen II*, 545 F.3d at 316. "Absolute subpoena power" is simply the concept that all relevant and material third-party witnesses reside within the subpoena power of a particular court. *See In re Volkswagen II*, 545 F.3d at 316; *Miller v. Longview Psychiatric Hosp., L.L.C.*, 2:08-CV-42, 2009 WL 748094 at *3 (E.D. Tex. March 19, 2009) (Ward, J.).

Defendants identify two potential third party witnesses. Both are employees of the title company that did the title work for the agreements, and both work and reside in McAllen. Defendants do not, however, explain why their testimony about "land values" is relevant to this breach of contract case. As these witnesses are located in the state, this Court does have trial subpoena power over them, subject to motions to quash. Compass has not identified any witnesses in the Eastern District or that would not be subject to a subpoena from a court in the McAllen Division. Accordingly, given the Court's serious doubts about the relevance of the title company's employee's relevance to the case, this factor only slightly weighs in favor of transfer.

*The Cost of Attendance for Willing Witnesses*

This factor is analyzed giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204-205. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen I*, 371 F.3d at 205. When applying the "100 mile rule" the threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317. If so, a court then determines the respective distances between the residences (or workplaces) of all the

5

identified material and relevant witnesses and the transferor and transferee venues. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance away from witnesses than the transferor venue. *See In re Volkswagen II*, 545 F.3d at 317. Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time. *See In re Volkswagen I*, 371 F.3d at 204, n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if "travel time" distances favor the transferee venue, then this factor will favor transfer.

Defendants contend the PRI, Rock, Sandra Treadaway (the officer of Texas State Bank who handled the negotiation execution of the agreements at issue), and the two title company employees reside in the McAllen Division and will testify at trial. Compass contends that Defendant Price lives and works in the Eastern District. Compass also argues that PRI's claims of inconvenience should be considered in light of the fact that PRI owns the land securing the promissory note in this District and has operated a business there. Compass has not identified any of its own witness that reside outside the McAllen Division.

McAllen and Tyler are approximately 600 driving miles apart, and the driving time is just under ten hours.[2] There are no direct flights from McAllen to Tyler; flights must either go through Houston or Dallas. Thus, it would be inconvenient for witnesses to travel from McAllen to Tyler. However, the Court discounts PRI's and Rock's inconvenience as they chose to enter into an agreement concerning property in the Eastern District and to operate a business here. Treadaway would be inconvenienced by travel to Tyler, but as she would be a party witness for Compass, Compass has represented that she would not be inconvenience to do so. The two third-party title

---

[2] This is according to Google Maps.

company witnesses would also be inconvenienced to travel here, though, as stated above, the Court has doubts about the relevance of their testimony. Accordingly, this factor only slightly favors transfer.

***Other Practical Problems***

The parties have identified no other practical problems that favor either venue.

***The Administrative Difficulties Flowing from Court Congestion***

Neither side argues that this factor is relevant to this case.

***The Local Interest in Having Localized Interests Decided at Home***

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. Thus, this factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *See In re Volkswagen I*, 371 F.3d at 206. Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *In re Volkswagen II*, 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely-sold product within the transferor venue).

PRI and Rock reside in the McAllen Division, and the agreements at issue were executed in the McAllen Division. As this case concerns the liabilities of its residents, the McAllen Division has a local interest in this matter.

However, Price is allegedly a resident of the Eastern District, the agreements at issue are secured by land in the Eastern District, Compass has reserved its right to foreclose on the real property in this District, and Defendants entered into the agreements for the purpose of operating a

7

business in this District. Accordingly, this District has a very strong local interest in this case. This factor weighs heavily against transfer.

*The Familiarity of the Forum with the Law that Will Govern the Case*

Neither side argues that this factor is relevant to this case.

*Avoidance of Unnecessary Problems of Conflict of Laws*

Neither side argues that this factor is relevant to this case.

## CONCLUSION

Defendants apparently found the Eastern District of Texas a convenient place to purchase land and operate a business. But now having allegedly defaulted on those agreements, they claim the Eastern District is an inconvenient forum in which to defend a lawsuit. While they, and the two non-party witnesses, will endure some inconvenience by trying the case here, given that one Defendant appears to be a resident of this District, Defendants specifically and purposefully entered into agreements to purchase land in this District in order to operate a business in the District, and residents of this District have a strong interest in both the real property found within the District and the businesses operated within in the District, that local interest overrides Defendants' inconvenience.

Accordingly, the Court **DENIES** the motion to transfer.

**So ORDERED and SIGNED this 18th day of August, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**